# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TROY LEE WESTON v. TONY PARKER, WARDEN
## (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6232     Joe H. Walker, Judge**

———————————

**No. W2008-01458-CCA-R3-HC  - Filed December 11, 2008**

———————————

The petitioner, Troy Lee Weston, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief.  The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Upon review of the record and the applicable authorities, we conclude the petitioner has failed to comply with the procedural requirements for habeas corpus relief.  Accordingly, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Troy Lee Weston, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 13, 2002, the petitioner, Troy Lee Weston, pled guilty in Humphreys County to aggravated assault, a Class C felony, possession of anhydrous ammonia, and escape, both Class E felonies.  He received an effective sentence of eight years in confinement to be served consecutively to four unspecified Lewis County convictions.  The record does not include the judgments for these convictions.

On November 2, 2007, in Lauderdale County Circuit Court, the petitioner filed his first petition for habeas corpus relief asserting that his Humphreys County sentences for possession of anhydrous ammonia and escape were illegal and void because they were beyond the range for a standard offender convicted of a Class E felony.  The petitioner further asserted that he was unaware that his sentences were illegal because his guilty pleas were "unknowingly and involuntarily"

entered. The habeas court denied relief because the petitioner did not attach any copies of any judgments of conviction pursuant to Tennessee Code Annotated section 29-21-107(b)(2). On appeal, this court affirmed the habeas court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. See Troy Lee Weston v. Tony Parker, Warden, No. W2007-02815-CCA-R3-HC, 2008 WL 1850913, at *2 (Tenn. Crim. App., at Jackson, Apr. 25, 2008).

On June 11, 2008, the petitioner filed his second petition for habeas corpus relief in Lauderdale County Circuit Court raising the same issues that were presented in his first petition. In his second petition, the petitioner attached the judgments for the Humphreys County convictions for aggravated assault, possession of anhydrous ammonia, and escape. However, he failed to attach the judgments for the Lewis County convictions which were to be served consecutively. The trial court summarily dismissed the petition, stating in its order that "[the petitioner] has not attached the judgments or record of conviction from which it could be determined whether his sentences have expired." Relying on Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007), the trial court further determined the petitioner's plea-bargained sentence was within the range authorized by the offense statutes. The petitioner then filed a timely appeal to this court.

The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that the petitioner did not comply with the procedural requirements under Tennessee Code Annotated section 29-21-107(b)(2) because he failed to include the Lewis County judgments in the petition. Further, the State asserts that the petitioner is not entitled to relief because the plea-bargained sentence does not exceed the maximum punishment authorized for the offense or offenses that would render the sentence illegal. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." See Mathis T. Vaughn v. James Worthington, Warden, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *1 (Tenn. Crim. App., at Knoxville, Jan. 4, 2008) (quoting Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citation omitted)), no perm. to appeal filed. Therefore, our review of the habeas corpus court's decision is "de novo with no presumption of correctness afforded to the [habeas corpus] court." Id. (citing Faulkner, 226 S.W.3d at 361 (citation omitted)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that he is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Upon review of the record and applicable law, this court concludes that the petitioner is not entitled to habeas corpus relief and that the habeas court's summary dismissal of the petition was proper. The petitioner failed to include the judgments of the Lewis County convictions in the record. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007) (citations omitted). In his brief, the petitioner correctly asserts that he is statutorily required to include copies of the judgments of conviction under which he claims he is illegally detained or the "challenged judgment." See T.C.A. § 29-21-107(b)(2). He labors under the mistaken belief that this requirement only applies to his convictions for possession of anhydrous ammonia and escape, the two Class E felonies he claims are void because the sentence is outside his applicable range. The petitioner interprets the statute far too narrowly and ignores the necessity of a reviewing court to determine whether his sentence is void because the term of imprisonment or other restraint has expired. In other words, without the other judgments, this court cannot determine whether the petitioner's sentences have expired. The petitioner's failure to attach copies of the judgments is reason alone for the habeas court to summarily dismiss the petition. See Faulkner v. State, 226 S.W.3d 358, 365 (Tenn. 2007). Further, when pertinent documents are not made part of the record, the trial court may properly choose to dismiss the petition without appointment of counsel and without a hearing. Summers, 212 S.W.3d at 261. Accordingly, the trial court did not err by failing to appoint counsel to the petitioner.

Based on the judgments in this record, the petitioner's plea-bargained sentence was not void. A plea-bargained sentence is legal as long as it does not exceed the maximum punishment authorized for the offense or offenses. Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). As a Range I,

standard offender, the petitioner received concurrent sentences of five years for the aggravated assault, a Class C felony, and three years for possession of anhydrous ammonia, a Class E felony. He was also sentenced to three years for escape, a Class E felony, to be served consecutively to his sentence for aggravated assault and possession of anhydrous ammonia. The sentence range for a Class C felony offense committed by a Range I, standard offender is "not less than three years nor more than six years." T.C.A. § 40-35-112(a)(3). The sentence range for a Class E felony offense committed by a Range I, standard offender is "not less than one year nor more than two years." Id. § 40-35-112(a)(5). The maximum punishment authorized for a Class E felony is no more than six years. See id. § 40-35-112(c)(5). Even though the petitioner was sentenced outside his sentencing range for the Class E felonies, our supreme court has explained that "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). Accordingly, the petitioner is not entitled to relief because his sentence did not exceed the maximum punishment authorized for his convictions.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

CAMILLE R. MCMULLEN, JUDGE